# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE, | 1:11-cv-2159 LJO- GSA |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| v. | (Document 14) |
| THOMAS H. RUIZ and JOSE ENRIQUE MALDONADO, dba Chile My Corona, | |
| Defendants. | |

## INTRODUCTION

Plaintiff, Ronald Moore ("Plaintiff") filed the instant Motion for Default Judgment on May 17, 2012. (Doc. 14). Defendants, Thomas Ruiz and Jose Enrique Maldonado, dba Chile My Corona ("Defendants") did not file an opposition. The matter was scheduled for August 31, 2012. The Court examined the pleadings and determined that the case would be taken under submission. The hearing on August 31, 2012, at 9:30 am was VACATED. Upon a review, the Court recommends that Plaintiff's Motion for Default be granted.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed this action on December 29, 2011. He seeks damages and injunctive relief pursuant to the Americans with Disabilities Act ("ADA"), California Civil Code Sections 51 ("Unruh Civil Rights Act"), 54, 54.1 ("the California Disabled Person's Act" or "CDPA"), and the California Health and Safety Code Section 19959. Plaintiff, a disabled wheelchair user,

1

alleges that Defendants Thomas Ruiz, Jose Enrique Maldonado, dba Chile My Corona, are the operators of a business located in Fresno, California ("the property").  Plaintiff contends that when he visited the business, he encountered barriers that interfered with his ability to use and enjoy the goods and services offered.  Plaintiff seeks an injunction, statutory damages, attorney's fees and costs.

Defendants were served with the summons and complaint in January 2012.  (Docs. 8-9).  Neither Defendant filed an answer.  The Clerk's Office entered default on March 19, 2012, as per the Plaintiff's request.  (Docs. 11-12).  Plaintiff filed the instant Motion for Default Judgment on May 17, 2010 and seeks and award amount of $9,503.37. (Doc. 14).  Despite being served with the motion, Defendants have not filed a Motion to Set Aside the Default, nor have they responded to the Motion for Default Judgment. (Doc. 14-10).   Defendants are not infants or incompetent persons, and are not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  (Doc. 14, pg. 2).

## DISCUSSION

### A.  *Legal Standard*

Federal Rule of Civil Procedure 55(b)(2) outlines the requirements for a motion for default judgment and provides the following:

> (2) By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

A plaintiff is required to prove all damages sought in the complaint. *See, Televideo Sys., v. Heidenthal*, 826 F. 2d 915, 917-918 (9th Cir. 1992). In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. Fed. R. Civ. P. 54(c). If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See, Cripps v. Life Ins., Co. Of N. Am.*, 980 F. 2d 1261, 1267 (9th Cir. 1992). However, "[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

**B.     Analysis**

    **1.     The *Eitel* Factors Weigh In Favor of Default Judgment**

        **a.     Prejudice to Plaintiff if Default Judgment not Granted**

If default judgment is not entered, Plaintiff will effectively be denied a remedy until such time as Defendants participate and make an appearance in the litigation – which may never occur. Denying Plaintiff a means of recourse is, by itself, sufficient to meet the burden imposed by this factor. *See, e.g., Philip Morris, USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

        **b.     Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint**

The next relevant *Eitel* factors include an evaluation of the merits of the substantive claims pled in the complaint. In weighing these factors, courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.")

1  (internal quotation marks omitted).  Accordingly, the Court will examine each of Plaintiff's
2  claims.

*The ADA*

4    Title III of the ADA provides that "[n]o individual shall be discriminated against on the
5  basis of disability" in places of public accommodation.  42 U.S.C. § 12182(a).  "Discrimination"
6  is defined as a failure to remove "barriers . . . where such removal is readily achievable."  *Id*.
7  § 12182(b)(2)(A)(iv); *see also Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 945 (9th
8  Cir. 2011) (en banc).  Where a barrier's removal is not "readily achievable," a public
9  accommodation must make its facilities available through "alternative methods if such methods
10 are readily achievable."  42 U.S.C. § 12182(b)(2)(A)(v).

11   "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she]
12 is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases,
13 or operates a place of public accommodation; and (3) the plaintiff was denied public
14 accommodations by the defendant because of her [or his] disability."  *Molski v. M.J. Cable, Inc.*,
15 481 F.3d 724, 730 (9th Cir. 2007).  Further, "[t]o succeed on an ADA claim of discrimination on
16 account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1)
17 the existing facility at the defendant's place of business presents an architectural barrier
18 prohibited under the ADA, and (2) the removal of the barrier is readily achievable."  *Parr v. L &*
19 *L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

20   According to the complaint, Plaintiff went to the facility and encountered barriers
21 associated with parking spaces, signs, routes for exit and egress, insufficient clearances for
22 wheelchairs, and no accessible restrooms.  The Complaint identifies approximately six separate
23 "barriers." (Doc. 2, ¶11).   Plaintiff alleges that as a result of the barriers, he is deterred from
24 visiting Chile La Corona.   He contends that the barriers complained of are easy to remove, but
25 Defendant has intentionally refrained from altering the store to comply with accessibility
26 standards.  As such, he has met his burden to state a prima facie Title III discrimination claim.
27 ///
28 ///

4

*The California's Disabled Person's Act*

The CDPA provides that "individuals with disabilities or medical conditions have the same right as the general public to the full and free use" of "public places" and "shall be entitled to full and equal access" to "places to which the general public is invited." Cal. Civ. Code §§ 54, 54.1. The CDPA incorporates by reference an individual's rights under the ADA, and provides that a violation of the ADA constitutes a violation of the CDPA. Cal. Civ. Code §§ 54(c), 54.1(d). Plaintiff sufficiently alleges that Defendants discriminated against him by denying him full and equal access to the facility. Further, Plaintiff has sufficiently alleged a claim under the ADA. (Doc. 2, ¶¶ 31-37).

*The Unruh Act*

Pursuant to the Unruh Civil Rights Act, all persons are "entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal Civ. Code § 51(b). Additionally, no business establishment of any kind whatsoever shall discriminate against any person in this state on account of disability. Cal. Civ. Code § 51.5. The Unruh Act also incorporates an individual's rights under the ADA by reference, such that a violation of the ADA also constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f). Here, Plaintiff alleges that Defendants denied him full and equal accommodations, advantages, facilities, privileges and services in a business establishment based on his disability. (Doc. 2, ¶¶ 38-45.) Moreover, because Plaintiff's complaint properly alleges a prima facie claim under the ADA, Plaintiff has also properly alleged facts establishing the necessary elements for an Unruh Civil Rights Act claim.

*California Health and Safety Code § 19955*

Under the California Health and Safety Code § 19955, it is mandated that all public accommodations constructed in California comply with the requirements of Government Code § 4450. Pursuant to Section 4450, "all buildings, structures, sidewalks, curbs, and related facilities, construed in this state by the use of state, county, or municipal funds, or the funds of any political subdivision of the state shall be accessible to and usable by persons with disabilities." Cal. Gov't Code § 4450. Additionally, non-exempt public accommodations

constructed prior to July 1, 1970, and later altered or structurally repaired, are required to comply with the same requirements of the California Health and Safety Code. Cal. Health & Safety Code § 19959.

Plaintiff incorporates his allegations regarding the barriers he encountered at the property. Further, he alleges that the facility is a public accommodation "constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under the Health and Safety Code § 19956." (Doc. 2, ¶ 49.) Although largely boilerplate, this claim is sufficiently pled. *See Loskot v. D & K Spirits, LLC,* No. 2:10-cv-0684-WBS-DAD, 2011 WL 567364, at *3 (E.D. Cal. Feb. 15, 2011) (noting that, although "plaintiff's complaint is largely boilerplate, it is sufficient to support the requested relief" under the ADA for purposes of default judgment).

The complaint sufficiently states these causes of action and there appears to be merit to the substantive allegations. Therefore, these *Eitel* factors weigh in favor of default judgment.

   **c. Sum of Money at Stake**

The fourth *Eitel* factor, the sum of money at stake, weighs in favor of default judgment. Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Here, Plaintiff is seeking a default judgment in the amount of $9,503.37 which includes attorney's fees and costs. This is not a particularly large sum of money, nor does it appear unreasonable in light of Defendants' actions.

   **d. Dispute Concerning Material Facts**

With regard to this factor, no genuine issue of material fact is likely to exist because the allegations in the complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917-18, and Defendants have submitted nothing to contradict the well-pled allegations. Accordingly, this factor favors entry of default judgment.

   **e. Default due to Excusable Neglect**

There is no evidence that Defendants' failure to participate in the litigation is due to excusable neglect. Thus, this factor weighs in favor of granting default judgment.

6

        **f.**        **Strong Policy Favoring Decision on the Merits**

This factor inherently weighs strongly against awarding default judgment in every case. In the aggregate, however, this factor is outweighed when compared with the other applicable factors that weigh in favor of granting default judgment.

**2.**        **Terms of the Judgment and Proof of Damages**

While analysis of the *Eitel* factors supports a default judgment, the Court also considers the proof of the damages and the terms of the judgment sought by Plaintiff.

        **a.**        **Injunctive and Declaratory Relief**

Plaintiff's complaint seeks an injunction requiring Defendants to make the following changes and accommodations at the subject Property: a) that a properly configured and identified accessible entrance shall be provided; b) proper wheelchair clearances shall be provided inside the facility including the route to the restroom; c) proper tow-away warning signage shall be posted at each off-street entrance to the parking area; d) accessible parking spaces and access aisles shall be properly configured and identified; e) a properly configured and identified accessible route shall be provided from the public way and accessible parking to the accessible entrance; f) If a public restroom is provided, it shall be properly configured and identified for accessibility.  As the factual allegations in the complaint are taken as true, Plaintiff is entitled to injunctive relief as requested pursuant to both state and federal law. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA – only injunctive relief is available for violations of Title III.").

        **b.**        **Statutory Damages**

The Unruh Civil Rights act provides for, among other things, a minimum statutory damages amount of $4,000 per violation.  Cal. Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination").  Plaintiff asserts that he is entitled to $4,000 in statutory damages pursuant to the California Civil Code § 52(a).

Plaintiff has sufficiently alleged facts indicating that he visited the property on one occasion and encountered barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered.  (Doc. 2, ¶¶ 10-11.)  Thus, Plaintiff is entitled to $4,000 in statutory damages.

        **c.**        **Attorney's Fees and Costs of Litigation**

Pursuant to 42 U.S.C. § 12205, a party that prevails on claims brought under the ADA may recover reasonable attorney's fees and costs, in the court's discretion.  The fee award is calculated using the lodestar method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate.  *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1146-48 (9th Cir. 2001).  The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts.  First a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonably hourly rate.  *See D'Emanuele [v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990)]; *Hensley [v. Eckerhart*, 461 U.S. 424,] 461 (1983).  The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed.  *See Hensley*, 461 U.S. at 433. A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary."  *Id.* at 434.  Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. [footnote omitted] *See Blum v. Stenson*, 465 U.S. 886, 898-901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley*, 461 U.S. at 434 n. 9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation).  The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high.  *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (quoting *Blum*, 465 U.S. at 898-901); *Blum*, 465 U.S. at 897; *D'Emanuele*, 904 F.2d at 1384, 1386; *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1989).

*Van Gerwin v. Guarantee Mut. Life Co.*, 214 F.3d 1041,1045 (9th Cir. 2000).

Here, Plaintiff seeks an award of $ 4,179.00 for the total billable time spent on the matter as well as $1,324.37 in costs.  (Doc. 14-1, 7:1-7.)  Specifically, Plaintiff requests $3,657.00 for 12.19 hours of work expended by Ms. Tanya Moore, Esq. at an hourly rate of $300.  Plaintiff also seeks $522.00 for 3.48 hours spent by paralegal Marejka Sacks at an hourly rate of $150.00.

### (i) Ms. Moore's Rate and Time Expended

With regard to the number of hours expended by Ms. Moore, the Court finds that the amounts claimed by Plaintiff for certain tasks are reasonable and do not require any adjustments. After analyzing the billing entries and time records submitted by Plaintiff's counsel, 12.19 hours billed by Ms. Moore is reasonable.

With regard to the hourly rate to be charged, courts generally calculate these rates according to the prevailing market rates in the relevant legal community. *Blum*, 465 U.S. at 895. In general, courts utilize the rates of attorneys practicing in the forum district. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (1993); *Davis v. Mason Cnty.*, 927 F.2d 1473, 1488 (9th Cir. 1991). The fee applicant bears the burden of producing sufficient evidence that the requested rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11.

In the instant case, Counsel has requested a $300 hourly rate for the work performed in this case. This request is consistent with the rates awarded to Ms. Moore for work previously done on cases in this district. *Gutierrez v. Onanion et al.*, 2012 WL 1868441 at * 2 *(E.D. Cal. May 22, 2012* ($300.00 per hour); *Delgado v. Sadik*, 2011 U.S. Dist. LEXIS 146186 at *17 (E.D. Cal. Dec. 19, 2011) ($300.00 per hour); *Delgado v. Mann Brothers Fuel Inc.*, 2010 WL 5279946 at *4 (E.D. Cal. Dec. 13, 2010) ($350.00 per hour). Accordingly, counsel's request for attorney's fees in the amount of $3,657.00 is reasonable.

### (ii) Paralegal Rate and Time Expended

The Court finds that the 3.48 hours expended by paralegal Marejka Sacks is also reasonable. Moreover, $115.00 per hour for Ms. Sacks services has also been found to be reasonable in this district. *Delgado v. Sadik*, 2011 U.S. Dist. LEXIS 146186 at *17 ($115.00 per hour); *Gutierrez v. Onanion et al.*, 2012 WL 1868441 at * 2 ($115.00 per hour); *Delgado v. Mann Bros. Fuel Inc.*, 2010 WL 5279946 at *4 ($115.00 per hour). Accordingly, the Court recommends that Plaintiff be awarded 3.48 hours of paralegal time expended at an hourly rate of $115.00 for a total of $522.00.

///

**(iii) Litigation Expenses and Costs**

Finally, Plaintiff's request for costs in the amount of $1,324.37 for filing fees, service of process, postage and photocopies is appropriate.

## **RECOMMENDATION**

For the reasons discussed above, the Court RECOMMENDS that:

1. Plaintiff's Motion for Default Judgment in favor of Plaintiff and against Defendants be GRANTED as specified below;

2. Defendants Thomas H Ruiz and Jose Enrique Maldonado, dba Chile My Corona, are in violation of Title III of the ADA, for the purpose of establishing damages under the California Unruh Civil Rights Acts and the California Disabled Person's Act;

3. Plaintiff shall be AWARDED statutory damages in the amount of $4,000.00;

4. Plaintiff shall also be AWARDED reasonable attorneys' fees in the amount of $3,657.00, and costs in the amount of $1,324.37; and

5. Defendants are ORDERED to remediate the barriers at its facility commonly known as Chile My Corona, located at 3848 E. Belmont Avenue, Fresno, California to conform to ADA Guidelines (28 C.F.R. 36) and the California Code of Regulations Title 24 requirements as follows:

   a. A properly configured and identified accessible entrance shall be provided;

   b. Proper wheelchair clearances shall be provided inside the facility including the route to the restroom;

   c. Proper tow-away warning signage shall be posted at each off-street entrance to the parking area;

   d. Accessible parking spaces and access aisles shall be properly configured and identified;

   e. A properly configured and identified accessible route shall be provided from the public way and accessible parking to the accessible entrance;

   f. If a public restroom is provided, it shall be properly configured and identified for accessibility.

1  These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within **fifteen (15)** days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 31, 2012**            /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE